JAMES POTTS *vs.* JOHN B. ALLEN, Town Treasurer of the Town of Warwick.

At the trial of an action against a town for injuries received by the plaintiff while traveling on a highway, by coming into collision with a post which the declaration alleged stood "in said highway," the evidence failed to show that the post stood within the limits of the highway, but did show that it stood just off the line of the highway in a small triangular piece of land at the intersection of the highway with another road, and the plaintiff was non-suited. *Held,* that the non-suit was rightly granted.

PLAINTIFF'S petition for a new trial.

*June* 8, 1896. TILLINGHAST, J. The declaration in this case alleges that, at the time of the happening of the accident in question, there was, and long had been, in the town of Warwick a certain highway which ran through the village of Arctic, which highway said town was bound to keep in repair and free from dangerous obstructions, so as to keep the same safe and convenient for travelers, &c. And the plaintiff avers that on the day of the happening of said accident there was *"within said highway"* a certain wooden post of the height of, to wit, six feet, and of the diameter of, to wit, ten inches, which post was situated *"in said highway,* and rendered the same unsafe and inconvenient for travelers," &c., of which obstruction said town had due notice. The declaration further alleges that the plaintiff was injured while traveling on said highway, in the exercise of due care, by coming in contact with said obstruction.

At the trial in the Common Pleas Division the plaintiff, after putting in his evidence, was non-suited by the court on

the ground, as we infer from the record, that he failed to prove that said obstruction was actually located within said highway. The defendant's counsel also takes the ground that the non-suit was rightly granted because no proof was offered that said highway was one which the town was under any obligation to keep in repair. But however this may be, under the declaration as framed, it was incumbent upon the plaintiff to prove that the obstruction complained of was within the limits of the highway, it being a familiar rule of evidence that all the material facts alleged in the declaration which are put in issue must be established by legal proof. Phillips on Evidence, Cowen & Hill's Notes, * 825. A careful examination of the record submitted, however, fails to show that there was any evidence offered at the trial from which the jury could properly have found that the post in question was actually within the limits of the highway. On the contrary, the evidence does show pretty clearly that said post, with several others, stood beside a public watering trough on a small triangular piece of land formed by the intersection of two roads, said posts being located just off the line of the highway, but immediately contiguous thereto, forming a guard for one side of said watering trough, which stood partly within and partly without the limits of the highway, and that there was nothing to indicate the exact line between said highway and said triangular piece of land, the entire space around the watering trough being used to drive over as travelers saw fit.

The declaration might have been so framed as to render it competent for the plaintiff to show that the post was a dangerous defect, although entirely without the limits of the highway. *Yeaw* v. *Williams*, 15 R. I. 20 ; Elliot on Roads & Streets, 483, and cases cited in note 6. But framed as it is, the plaintiff, in order to make out a case, was bound to show that the obstruction complained of was within the limits of the highway. In this connection we call attention to the fact, suggested by the defendant's counsel in his brief, that the declaration contains no averment of negligence on the part of the defendant in regard to the condition of said high-

way. We think the non-suit was rightly granted, and must therefore deny the plaintiff's petition for a new trial.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment for defendant.

*Charles H. Page & Franklin P. Owen,* for plaintiff.

*Albert R. Greene,* for defendant.